# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRI BROTHER, | CASE NO. CV-F-03-6338 REC SMS P |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF INDEPENDENT MEDICAL EXPERT |
| v. | |
| TEHACHAPI PRISON MEDICAL PROVIDER, et al., | (Doc. 66) |
| Defendants. | |

Plaintiff Henri Brother ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 28, 2005, plaintiff filed a motion seeking the appointment of an independent medical expert to conduct an examination of plaintiff. With the exception of citations to Federal Rule of Civil Procedure 56, plaintiff fails to set forth the authority upon which his request is based. Plaintiff's reliance on Rule 56 is misplaced. Rule 56 governs motions for summary judgment. At this juncture, there are no such motions pending before the court. Further, Rule 56 does not authorize the court to appoint an expert witness for plaintiff.

The district court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence, which reads, in part, "[t]he court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed . . . ." Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Pursuant to Rule 702, "[i]f scientific, technical, or other specialized knowledge will

1  assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified
2  as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form
3  of an opinion or otherwise." Fed. R. Evid. 702.
4      The function of an expert witness is to testify at trial to assist the trier of fact in understanding
5  the evidence. At this early stage in the proceedings, plaintiff's motion is premature. Plaintiff may
6  re-file his motion at such time that it appears this matter will be set for trial. Until that time, any
7  motion for the appointment of an expert is premature.
8      Based on the foregoing, plaintiff's motion for the appointment of an expert witness, filed
9  March 28, 2005, is DENIED without prejudice as premature.

11 IT IS SO ORDERED.

12 **Dated:   May 16, 2005**          **/s/ Sandra M. Snyder**
   icido3                              UNITED STATES MAGISTRATE JUDGE