# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRI BROTHER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TEHACHAPI PRISON MEDICAL PROVIDER, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:03-CV-06338-REC-SMS-P<br><br>ORDER CONTINUING EVIDENTIARY HEARING, AND SETTING DEADLINES RE WITNESS MOTIONS<br><br>Date:　　　November 15, 2005<br>Time :　　10:00 a.m.<br>Courtroom:　4 (SMS) |

　　On August 18, 2005, at 10:00 a.m., the court held a second telephonic hearing to discuss plaintiff's concern with personally appearing at the evidentiary hearing currently set for August 25, 2005, at 10:00 a.m. Defendants' counsel notified the court that plaintiff would be transported directly from the California Correctional Institution to court and back. As such, plaintiff's medication would not be disrupted and absent an emergency, plaintiff's housing situation and property status would be remain unaffected.

　　The evidentiary hearing is continued from **August 25, 2005, at 10:00 a.m.** to **November 15, 2005, at 10:00 a.m.** Unless the parties settle this case in the interim, a writ commanding the production of plaintiff for the hearing will issue approximately three to four weeks before the hearing. As stated during the hearing, if the parties reach a stage at which a settlement conference would be productive, defendants' counsel shall contact the chambers of the undersigned and request that a settlement conference date be set.

///

1

In the event that plaintiff wishes to call witnesses on his behalf during the evidentiary hearing, guidelines for the obtainment of witnesses are set forth in the following paragraphs. If plaintiff files a motion for the attendance of incarcerated witnesses, the motion must be filed on or before **October 7, 2005**. Defendants' opposition, if any, shall be filed on or before **October 21, 2005**.

1. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u> - An incarcerated witness who agrees voluntarily to attend the hearing to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court. This court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend; <u>and</u> (b) the prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the hearing must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of the hearing. The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (i.e., if an incident occurred in plaintiff's cell and, at the time,

plaintiff saw that a cellmate was present and observed the incident, plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness's custodian to bring the witness to court.

2. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u> - If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

3. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u> - It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of the hearing. No action need be sought or obtained from the court.

4. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u> - If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. <u>Id</u>. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness's travel expenses</u>. 28 U.S.C. § 1821.

If plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, plaintiff must first notify the court in writing of the name and location

of each unincarcerated witness as soon as possible. The court will calculate the travel expense for each unincarcerated witness and notify plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. <u>The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the court</u>. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

**If plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, plaintiff must submit the money orders to the court no later than October 7, 2005.** In order to ensure timely submission of the money orders, plaintiff should notify the court of the names and locations of his witnesses, in compliance with step one, as soon as possible.

Based on the foregoing, it is HEREBY ORDERED that:

1. The evidentiary hearing is continued from August 25, 2005, at 10:00 a.m. to November 15, 2005, at 10:00 a.m. before the undersigned in Courtroom 4;

2. If plaintiff files a motion for the attendance of incarcerated witnesses, the motion must be filed on or before October 7, 2005; and

3. Defendants' opposition to plaintiff's motion for the attendance of incarcerated witnesses, if any, is due on or before October 21, 2005.

IT IS SO ORDERED.

**Dated:   August 18, 2005**              /s/ Sandra M. Snyder
icido3                                     UNITED STATES MAGISTRATE JUDGE