# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRI BROTHER,<br><br>        Plaintiff,<br><br>    v.<br><br>TEHACHAPI PRISON MEDICAL PROVIDER, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:03-CV-6338-REC-SMS-P<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR THE ATTENDANCE OF INMATE WITNESSES MCKINNEY AND ROJAS, AND DENYING PLAINTIFF'S MOTION TO SUBPOENA AGENT MARINO<br><br>(Docs. 93 and 94)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DOCUMENTS, AND REQUESTING THAT DEFENDANT'S COUNSEL OBTAIN COPY OF LEGAL MAIL LOG<br><br>(Doc. 94)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO SUBMIT FURTHER BRIEFING<br><br>(Doc. 95) |

Plaintiff Henri Brother ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. An evidentiary hearing regarding the issue of exhaustion of the administrative remedies with respect to plaintiff's excessive force claim against defendant Granillo is set for November 15, 2005, at 10:00 a.m. before the undersigned. Pursuant to the court's order of August 19, 2005, plaintiff filed a motion seeking the appearance of witnesses at the evidentiary hearing on August 26, 2005, and an amended motion seeking witnesses

///

1

and documents on September 19, 2005.  Defendant did not file a response to either motion.  On October 24, 2005, plaintiff filed a motion seeking leave to submit additional briefing and exhibits.

Plaintiff seeks the attendance of inmate witnesses Gregory McKinney (#P-23535) and Alfonso Rojas (#K-98883), both currently housed at the California Correctional Institution (CCI) in Tehachapi.  The court has carefully reviewed plaintiff's request and the record in this action, and finds that it is appropriate to transport both inmate witnesses to the hearing.  Accordingly, plaintiff's motion for the attendance of inmates Gregory McKinney and Alfonso Rojas is granted.

With respect to Federal Bureau of Investigation Agent Mary Jo Marino, plaintiff's request for the issuance of a subpoena at this time is denied.  If plaintiff wishes the court to issue a subpoena commanding Marino's presence at the evidentiary hearing, plaintiff must immediately submit a money order in the amount of $252.43.[1]  As plaintiff has already been informed, he is required to pay the travel and witness expenses for unincarcerated witnesses who refuse to testify voluntarily. (Doc. 91.)  The court notes that there is no acknowledgment in plaintiff's motion that he must pay these fees in order to obtain this witness and no indication in the motion that plaintiff is able to pay these fees.

Plaintiff's request for the legal mail register, or log, is granted, subject to the following limitation.  Plaintiff seeks the legal mail logs from 2002 through 2004.  The narrow hearing issue is whether plaintiff exhausted his claim between June 14, 2003, the date of the incident at issue, and September 29, 2003, the date plaintiff filed this suit.  The mail log for dates preceding the incident are irrelevant and in light of the fact that exhaustion must have occurred prior to the date plaintiff filed suit, <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002), the mail log for dates significantly beyond the date suit was filed are irrelevant.  In light of the fact that the evidentiary hearing is less than three weeks away, the court requests that defendant's counsel obtain a copy of the CCI outgoing legal mail log from June 14, 2003 through November 2003, and bring the copy to court.  If at all possible, the court requests that defendant's counsel provide plaintiff with a copy of the log prior to the evidentiary hearing.

---

[1] The daily witness fee is $40.00.  In addition, the mileage from Los Angeles to Fresno is 438 miles round-trip at $ .485 per mile, resulting in a travel expense of $212.43.

Plaintiff's request for all memoranda issued by the committee on use of force at CCI between July 2003 and October 2003 is denied. The merits of plaintiff's excessive force claim are not at issue during the hearing. Documents demonstrating that defendant Granillo was absolved of the allegations of excessive force by an internal prison committee are not relevant to the issue of whether or not, between June 14, 2003 and September 29, 2003, plaintiff exhausted his excessive force claim.

Plaintiff's request for the issuance of a subpoena commanding the production of documents by FBI Agent Marino is denied. It does not appear to the court that these documents are relevant to the narrow hearing issue. In the event that during the hearing it becomes clear that the documents are relevant and are needed by the court to reach its decision, the court will allow each party leave to file an additional brief and will allow plaintiff to attempt to subpoena the documents.

Finally, plaintiff's request for leave to file an additional brief with exhibits is denied. Briefing closed with the filing of plaintiff's reply brief on July 25, 2005. If, following the hearing, the court deems further briefing necessary, it will so notify the parties and set appropriate deadlines. To the extent that plaintiff has exhibits he wishes the court to consider during the hearing, plaintiff shall bring the exhibits with him to the hearing.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the attendance of incarcerated witnesses Gregory McKinney (#P-23535) and Alfonso Rojas (#K-98883) is GRANTED;

2. Plaintiff's motion for the issuance of a subpoena commanding the attendance of Agent Marino is DENIED without prejudice to the immediate submission of a money order in the amount of $252.43;

3. Plaintiff's motion for an order requiring the production of the legal mail log is GRANTED as limited by this order, and defendants' counsel is requested to obtain the log for the hearing and to provide plaintiff with a copy prior to the hearing if possible;

4. Plaintiff's motion for an order requiring the production of memoranda relating to the committee investigation into the incident of excessive force is DENIED;

///

1      5.    Plaintiff's motion for the issuance of a subpoena commanding Agent Marino to produce the correspondence between plaintiff and Marino is DENIED; and

     6.    Plaintiff's motion for leave to submit additional briefing is DENIED.

IT IS SO ORDERED.

**Dated:**   **October 26, 2005**           **/s/ Sandra M. Snyder**
icido3                                           UNITED STATES MAGISTRATE JUDGE