# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRI BROTHER,<br><br>            Plaintiff,<br><br>    v.<br><br>TEHACHAPI PRISON MEDICAL<br>PROVIDER, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:03-cv-06338-AWI-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT RE-OPEN THIS ACTION, WITH PREJUDICE<br><br>(Doc. 114) |

Plaintiff Henri Brother ("plaintiff") is a state prisoner who was proceeding pro se and in forma pauperis against defendants Granillo and Baughman ("defendants") in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the parties' settlement agreement, this action was voluntarily dismissed, with prejudice, on November 29, 2005. (Doc. 106.) The Court retained jurisdiction to enforce the settlement. (Id.)

Plaintiff filed a motion seeking enforcement of the settlement and for sanctions on February 16, 2006, and defendants filed an opposition on March 1, 2006. (Docs. 109, 110.) On April 20, 2006, the Court directed plaintiff to file a reply, and in response on May 1, 2006, plaintiff filed a motion seeking to withdraw his motion to enforcement the settlement and for sanctions. (Docs. 111, 112.) The Court granted plaintiff's motion to withdraw the motion to enforce settlement and for sanctions on May 5, 2006. (Doc. 113.) On December 1, 2006, plaintiff filed a motion to re-open the case, which the Court construes to be brought pursuant to Federal Rule of Civil Procedure 60. (Doc. 114.) Defendants did not file a response.

1

The parties agreed to settle this action upon the following terms and conditions:

1. CDCR (California Department of Corrections and Rehabilitation) will arrange and have performed an upper GI endoscopy in consult with Dr. Tate. This shall occur within 90 days of this agreement.
   A. The consultant will be permitted to discuss history and ask questions of Plaintiff.
   B. Defendant will insure that necessary medical records are provided to the consultant.
   C. Plaintiff will be allowed to provide the consultant with 6 pages of his medical record, which have been previously provided to counsel.
   D. Plaintiff shall be entitled to an Olsen review no more than 45 days following his review of the endoscopy findings with his CCI (California Correctional Institution) treating physician.
   E. CDCR will provide plaintiff with a copy of chronic pancreatitis diagnosis within 20 days from the agreement.
2. CDCR will provide Plaintiff with a standard issue jacket and consistent with the SHU security requirements, no buttons or zippers will be on the jacket. This item will be provided within 20 days.
3. CDCR will provide Plaintiff with 2 new pairs of standard issue thermal underwear. This item will be provided within 20 days.
4. CDCR will provide Plaintiff with $50.00 (FIFTY DOLLARS), subject to restitution or fines currently owed.

(Doc. 106, 2:18-3:9.)

Plaintiff contends that the terms of the settlement agreement were violated as follows:

1. The upper GI endoscopy was substandard and was performed when plaintiff was unconscious due to an overdose of sedatives.

2. Plaintiff was not allowed to share and discuss his medical records with the doctor performing the endoscopy.

3. In August and November of 2006, Dr. Tate cancelled the treatment plan recommended by the doctor who performed the endoscopy, in retaliation against plaintiff.

4. Dr. Tate failed to abide by the findings made by the expert who provided the endoscopy.

5. The chronic pancreatitis diagnosis was found to be false on September 7, 2006.

6. Dr. Tate cancelled the Proton pump medication recommended for plaintiff by the expert and Dr. O'Brien.

7. The settlement agreement does not allow defendant to continue to deny plaintiff standard medical care, which is occurring.

Federal Rule of Civil Procedure 60(b)(6) permits a district court to relieve a party from a final order or judgment for "any . . . reason justifying relief from the operation of the judgment." The

1  Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of
2  the preceding clauses.'" <u>LaFarge Conseils et Etudes, S.A. v. Kaiser Cement</u>, 791 F.2d 1334, 1338
3  (9th Cir. 1986), quoting <u>Corex Corp. v. United States</u>, 638 F.2d 119 (9th Cir. 1981). Accordingly,
4  "the clause is reserved for 'extraordinary circumstances.'" <u>Id</u>. "Repudiation of a settlement
5  agreement that terminated litigation pending before a court constitutes an extraordinary
6  circumstance, and [may justify] vacating the court's prior dismissal order." <u>Keeling v. Sheet Metal
7  Workers Int'l Ass'n, Local Union 162</u>, 937 F.2d 408, 410 (9th Cir. 1991).

8   Pursuant to the settlement agreement, plaintiff was to be provided with an upper GI
9  endoscopy. The endoscopy occurred and the settlement agreement as to that aspect was fulfilled.
10 Plaintiff's attempt to expand the agreement to include an endoscopy plaintiff deems satisfactory fails.
11 Plaintiff's complaints that Dr. Tate is retaliating against him and failing to follow the expert's
12 recommendations do not violate the settlement agreement, as it contained no requirement that Dr.
13 Tate take any action beyond involvement in the consult regarding the upper GI endoscopy.
14 Regarding the pancreatitis diagnosis, plaintiff was to be provided with a copy of the diagnosis. Any
15 issues relating to whether or not the diagnosis was correct or incorrect do not fall within the terms
16 of the settlement agreement. Finally, complaints regarding the quality of medical care being
17 provided to plaintiff do not fall within the terms of the settlement agreement.

18  The only item set forth by plaintiff that potentially falls within the purview of the settlement
19 agreement is number 2. Turning to item number 2, the settlement agreement provided that the
20 consultant would be permitted to discuss history and ask plaintiff questions. Plaintiff's complaint
21 that he was not allowed to share his medical records with the doctor and discuss them does not fall
22 within the terms of number 2.

23  Finally, on February 27, 2006, the upper GI endoscopy was performed on plaintiff. (Doc.
24 110-4, Albritton Dec., ¶8.) On May 1, 2006, following the Court's direction that plaintiff file a reply
25 regarding his motion to enforce the settlement agreement, plaintiff attested under penalty of perjury
26 that the settlement was fully satisfied by defendants. (Doc. 112.)

27  Plaintiff has made no showing that the settlement agreement was repudiated by defendant
28 and in fact attested under penalty of perjury on May 1, 2006, that the agreement was fully satisfied.

3

1  For these reasons, plaintiff's motion to set aside judgment in this case is HEREBY DENIED, with
2  prejudice.
3
4  IT IS SO ORDERED.
5  **Dated:**   **February 15, 2007**             /s/ **Anthony W. Ishii**
   0m8i78                                         UNITED STATES DISTRICT JUDGE